IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| LUZ PHYSCO, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. |
| WALMART INC., WALMART SUPERCENTER #548, AND JOHN DOE, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, LUZ PHYSCO, hereinafter referred to as "Plaintiff", by and through her undersigned counsel, and files this complaint, showing the court as follows:

**PARTIES, VENUE AND JURISDICTION**

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant WALMART INC. is a foreign corporation registered to do business and doing business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered

agent: The Corporation Company (FL), 112 North Main Street, Cumming, Georgia, 30040.

3.

Defendant WALMART SUPERCENTER #548 is a domestic corporation registered to do business and doing business in the state of Georgia is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant at 630 Collins Hill Road, Lawrenceville, Georgia 30046.

4.

Defendant, JOHN DOE, is the unknown and unidentified store supervisor who may be partially responsible for Plaintiff's injuries. Service of process may be perfected upon this Defendant at 630 Collins Hill Road, Lawrenceville, Georgia 30046.

5.

Defendants are subject to the jurisdiction of this Court.

6.

This Court has jurisdiction over the subject matter of this action.

7.

Venue is proper in this Court.

**BACKGROUND**

8.

On or about July 21, 2019, Plaintiff was an invitee at the Defendant's Corporation, Walmart Supercenter #548, located at 630 Collins Hill Road, Lawrenceville, Georgia 30046.

9.

Defendants had ownership, possession and control over the facility at all times relevant to this litigation.

10.

Plaintiff was walking in an open area permitted to patrons of the facility at all relevant times when she slipped on what she believes was oil.

11.

Plaintiff slipped and fell backwards.

12.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

13.

As a result of Plaintiff's fall, she suffered injuries to her lower back, legs, and hips.

14.

Plaintiff suffered severe pain and suffering as a result of the fall.

15.

Plaintiff incurred medical expenses for treatment of her injuries in the amount of at least $190,138.02.

16.

Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, past and future wage loss, the exact amount to be proven at trial.

**COUNT I**

**NEGLIGENT MAINTENANCE OF PREMISES**

17.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

18.

Defendants had actual or constructive knowledge of the carpet mat that had frayed and upturned corners creating a hazardous condition for patrons of Defendant's store, including Plaintiff.

19.

Plaintiff had no knowledge of the hazardous condition of the floor, despite Plaintiff's exercise of ordinary care.

20.

Defendants' knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

21.

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

22.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to prevent the hazard from the employee, in failing to take adequate measures to protect invitees from hazards and other objects on the premises and in failing to keep the premises safe for invitees.

23.

Defendants were negligent in failing to warn Plaintiff of the hazardous condition of the premises.

24.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

## COUNT II

### VICARIOUS LIABILITY

25.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

26.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff slipped were employed by Defendant and were acting within the scope of their employment.

27.

Defendant Walmart Inc., is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

## COUNT III

### NEGLIGENT TRAINING & SUPERVISION

28.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

29.

Defendants were negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

30.

Defendant Walmart Supercenter #548 was negligent in training and supervising its staff.

31.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT IV

### UNLIQUIDATED DAMAGES ACT

32.

Plaintiff re-alleges and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

33.

Defendants have acted in bad faith, have been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide

controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

34.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred damages including but not limited to medical expenses for treatment of her injuries, pain, emotional distress and general inconvenience.

35.

By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of the Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

36.

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a) Plaintiff be awarded general damages to fully compensate her for her pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b) Plaintiff be awarded special damages in an amount of at least $190,138.02 the exact amount to be proven at trial to fully compensate her for her medical bills;

c) Plaintiff be awarded special damages in an exact amount to be proven at trial to fully compensate her for her medical expenses;

d) Plaintiff be awarded special damages in the exact amount to proven at trial to fully compensate her for her past and future pain and suffering;

e) Plaintiff be awarded special damages of attorney fees as Defendant has acted in bad faith, under O.C.G.A. § 9-15-14 as well as O.C.G.A. § 33-4-6;

f) Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

g) Process be issued requiring the Defendant to answer according to law;

h) Plaintiff be granted such further and other relief as is just and proper

Respectfully submitted this 26th day of May, 2021.

**BADER SCOTT INJURY LAWYERS**

*[signature]*

**Jonathan Rosenburg**
Georgia Bar # 274204
**David Byrd**
Georgia Bar # 974073
Attorneys for Plaintiff

Bader Scott Injury Lawyers
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
jonathanrosenburg@baderscott.com